■ In the Matter of the Arbitration between CITY OF ALBANY, Appellant, and ALBANY PERMANENT PROFESSIONAL FIREFIGHTERS ASSOCIATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Torraca, J.), entered October 13, 1982 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award and granted respondent's cross motion to confirm the award. In 1980, Thomas Mahan was employed as a uniformed fire fighter by the City of Albany. He also held a part-time job as a police officer in the Town of North Greenbush. In July of 1980, while on duty as a police officer, Mahan and Richard Zazycki, another town police officer, were charged with making a punishable false written statement (Penal Law, § 210.45) and official misconduct (Penal Law, § 195.00, subd 1), both class A misdemeanors. On December 18, 1981, Mahan pleaded guilty to official misconduct, was sentenced to a conditional discharge and ordered to resign from the police force, which he did. On April 18, 1982, the City of Albany issued a notice of discipline charging Mahan with misconduct and violating departmental rules and regulations as a result of his criminal conduct as a North Greenbush police officer. Under the terms of his collective bargaining agreement, Mahan chose to arbitrate. After a hearing, the arbitrator dismissed the misconduct charges, found that Mahan was improperly suspended and directed the City of Albany to reinstate Mahan as a fire fighter with full back pay. The City of Albany then sought to vacate the arbitrator's award pursuant to CPLR 7511 on the ground that the arbitrator exceeded his power by rendering a completely irrational decision. Special Term denied the city's motion to vacate and granted respondents' cross motion to confirm the award. This appeal by the city ensued. There should be an affirmance. When, as here, an arbitrator has been empowered to interpret a contract, the resulting award is not subject to vacatur unless it is totally irrational (*Matter of Local Div. 1179, Amalgamated Tr. Union* [*Green Bus Lines*], 50 NY2d 1007). The issue resolved having been the issued tendered and the resolution not being wholly irrational, there is no occasion for judicial intervention (*Central Sq. Teachers Assn. v Board of Educ.,* 52 NY2d 918, 919). In order for this court to reverse Special Term and set aside the arbitrator's award, we would have to find that the arbitrator exceeded his power by giving a "completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties" (*Matter of National Cash Register Co.* [*Wilson*], 8 NY2d 377, 383). This record does not warrant such a conclusion. Here, the arbitrator determined that, based on his interpretation of the collective bargaining agreement, off-duty misconduct which warranted discipline by the city must bear a direct relation to those duties a union member performed in his employment with the city. He then found that the city failed to establish that direct relationship. There was testimony that Mahan's duties as a fire fighter were not affected in any way by his off-duty misconduct. Under the constraint of *Binghamton Civ. Serv. Forum v City of Binghamton* (44 NY2d 23), where outside criminal conduct of a municipal employee was also involved, and *Matter of United*

*Liverpool Faculty Assn. v Board of Educ.* (52 NY2d 1038), an affirmance is required. In reaching this conclusion, we are not unmindful of this court's decision in *Matter of Zazyčki v City of Albany* (94 AD2d 925). However, as noted above, this court may not vacate an arbitration award absent a finding that the award is wholly irrational. Upon this record we are unable to make such a finding. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.