■ In the Matter of the Arbitration between CITY OF SARATOGA SPRINGS, Respondent-Appellant, and LOCAL 343, I.A.F.F., AFL-CIO, SARATOGA SPRINGS FIRE FIGHTERS UNION, et al., Appellants-Respondents. — Casey, J. Cross appeals from that part of an order and judgment of the Supreme Court at Special Term (Harvey, J.), entered May 11, 1984 in Saratoga County, which (1) denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award, and confirmed the award as interpreted by the court, and (2) denied respondents' motion and petitioner's cross motion for leave to renew.

A dispute arose between petitioner, the City of Saratoga Springs (City), and respondent Local 343, I.A.F.F., AFL-CIO, Saratoga Springs Fire Fighters Union (Union) regarding sick leave for City fire fighters who were absent due to work-related disabilities (hereinafter referred to as disabled fire fighters). The City was charging such absences to the disabled fire fighters' accumulated sick leave and took the position that no sick

leave could be accumulated by disabled fire fighters during such absences. Since the dispute concerned the terms of a collective bargaining agreement between the parties, which contained an arbitration clause, the issues were submitted to a board of arbitrators. In their decision, the arbitrators noted that the parties had stipulated that accumulated sick leave credits should not be charged for the period of time a fireman is absent due to job-related illness, injury or disability, leaving as the heart of the dispute whether "deposits" should be made to the sick leave bank for the period of such absences.[*] The arbitrators ruled in favor of the Union on this issue, concluding that the contractual definition of "employee" included disabled fire fighters and that, therefore, the contractual provision granting sick leave to "all employees" included disabled fire fighters.

The City moved pursuant to CPLR 7511 seeking to vacate the award, and the Union cross-moved to confirm the award. Special Term concluded that the arbitrators' award must be interpreted so as to allow the City to charge absences for job-related disabilities against accumulated sick leave and that, as so interpreted, the award should be confirmed. The Union moved to renew, pointing out the footnote in the arbitrators' decision which expressly recognized the parties' stipulation that the City would not charge such absences to accumulated sick leave. Special Term denied the motion and judgment was entered confirming the award "in accordance with the Court's interpretation thereof". These cross appeals ensued.

The Union argues that Special Term's interpretation of the arbitrators' award effectively constituted an improper modification of the award. We agree. It is clear from the award that the arbitrators did not pass on the question of whether the City violated the collective bargaining agreement by charging absences for job-related disabilities against accumulated sick leave. Rather, the arbitrators recognized that the parties' stipulation had removed the issue from the dispute to be resolved in arbitration. Accordingly, Special Term's "interpretation" of the award as authorizing the City to so act had the effect of adding to the award a determination on an issue not considered by the arbitrators. The modification clearly involves the merits and was not authorized by CPLR 7511 (c), which contains the exclusive grounds for modifying an award (see, Matter of City of Troy [Village of Menands], 48 AD2d 733).

---

[*] The arbitrators also resolved a dispute between the parties as to the City's "pro-ration" of sick leave credits for fire fighters who join the force during the calendar year, but neither party challenges the arbitrators' decision on this issue.

The City contends that the award on the issue of accumulation of sick leave benefits during absences for job-related disabilities should be vacated as irrational and violative of public policy. Conceding that public policy does not preclude it from contracting to provide such a benefit, the City relies upon *Matter of Chalachan v City of Binghamton* (55 NY2d 989), where, in a CPLR article 78 proceeding, the court held that a collective bargaining agreement should not be construed to implicitly expand the rights to regular salary and wages provided disabled fire fighters under General Municipal Law § 207-a and that any additional benefits must be expressly provided for in the agreement.

The courts may not set aside an award on the basis of the arbitrator's failure to interpret documents literally or in accordance with substantive principles of law, but the award can be vacated if it is " 'completely irrational' " (*Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582). As noted above, the arbitrators interpreted the collective bargaining agreement herein as providing disabled fire fighters with the right to sick leave in addition to the benefits provided by General Municipal Law § 207-a. We find nothing "completely irrational" in this construction of the terms of the collective bargaining agreement (*see, Matter of City of Albany [Albany Permanent Professional Firefighters Assn.]* 99 AD2d 602). Thus, irrespective of whether it can be said that the arbitrators misconstrued the plain meaning of the agreement or misapplied the substantive legal principle in *Matter of Chalachan v City of Binghamton (supra)*, the award must be confirmed (*see, e.g., Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308).

Order and judgment modified, on the law, without costs, by deleting from the first decretal paragraph thereof the phrase "in accordance with the Court's interpretation thereof set forth in the written decision dated September 6, 1983", and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.