■ In the Matter of JOHN PLOEN, as President of Local 74, Service Employees International Union, AFL-CIO, Appellant, v MONTICELLO CENTRAL SCHOOL DISTRICT, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, the petitioner appeals from a judgment of the Supreme Court, Queens County (Durante, J.), dated February 10, 1989, which denied the application and confirmed the award.

Ordered that the judgment is affirmed, with costs.

The petitioner contends that the arbitrator exceeded his power. The arbitration clause provided: "The jurisdiction and power of the arbitrator arise only from this Agreement. His jurisdiction shall only be to interpret the specific clauses of this Agreement".

A determination by an arbitrator who has the power to interpret the contract will only be set aside if it is " 'completely irrational' * * * 'or where the document expressly limits or is construed to limit the powers of the

arbitrators, hence, narrowing the scope of arbitration' " *(Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582, quoting *Matter of National Cash Register Co. [Wilson],* 8 NY2d 377, 383; and *Lentine v Fundaro,* 29 NY2d 382, 385). Because the arbitration clause contained no express or implied limitation upon the remedial power of the arbitrator and the award had a rational basis, it cannot be said the arbitrator exceeded his power in issuing the instant award *(see, Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.,* 61 NY2d 913).

Moreover, we find the petitioner's assertion that the award was violative of public policy to be without merit. Rubin, J. P., Balletta, Rosenblatt and Miller, JJ., concur.