■ RUDOLPH'S WOMEN'S APPAREL OF MT. KISCO, INC., Respondent, v ANTHONY J. CHIAPPINELLI, Appellant, et al., Defendants.—In an action, *inter alia,* pursuant to Lien Law § 39-a to recover damages for willful exaggeration of a mechanic's lien, the defendant Anthony J. Chiappinelli appeals, as limited by his brief, from so much of an interlocutory judgment of the Supreme Court, Westchester County (Gurahian, J.), entered July 26, 1989, as, upon an order granting the plaintiff's motion for summary judgment on the first and second causes of action asserted in the complaint, and granting a severance of the remaining causes of action in the complaint, is in favor of the plaintiff and against him on the first and second causes of action in the principal sum of $75,325.30.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

The instant controversy arose from a construction contract pursuant to which the defendant AJC Contractors, Inc. (hereinafter AJC) agreed to renovate a clothing store operated by the plaintiff. A dispute arose, and the parties submitted the dispute to arbitration pursuant to the contract. The arbitrator awarded damages to the plaintiff on August 28, 1987, and the award was judicially confirmed on September 22, 1987. No appeal was taken. In December 1987 the plaintiff initiated this action against the appellant (the owner of AJC), the appellant's wife, and AJC. The plaintiff asserts that the defendants are collaterally estopped by the arbitration award from contesting the issue of liability.

It is beyond dispute that collateral estoppel applies to arbitration awards (see, Matter of Ranni [Ross], 58 NY2d 715; Burdick Assocs. Owners Corp. v Indemnity Ins. Co., 166 AD2d 402). However, the appellant now contends that the arbitrator exceeded his power by awarding damages for willful exaggeration of a lien under Lien Law §§ 39 and 39-a.

We have repeatedly observed that a determination by an arbitrator will only be set aside if it is " ' "completely irrational" * * * "or where the document expressly limits or is construed to limit the powers of the arbitrators, hence, narrowing the scope of the arbitration" ' " (Matter of Ploen v Monticello Cent. School Dist., 160 AD2d 879, 880, quoting from Rochester City School Dist. v Rochester Teacher's Assn., 41 NY2d 578, 582, quoting from Lentine v Fundaro, 29 NY2d 382, 385). This principle applies even though a court concludes that the arbitrator's interpretation misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation (see, Matter of Town of Callicoon [Civil Serv. Employees Assn., Town of Callicoon Unit], 70 NY2d 907, 909; Matter of Albany County Sheriff's Local 775 [County of Albany], 63 NY2d 654). Because the appellant requested the arbitrator to rule upon the issue now claimed to have been beyond his remedial power, and the award has a rational basis, it cannot be said that the arbitrator exceeded his power in issuing the award (see, Matter of Board of Educ. v Dover-Wingdale Teacher's Assn., 61 NY2d 913).

We find the appellant's assertion that the award was violative of public policy to be without merit.

We have reviewed the appellant's remaining contentions

and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.