■ In the Matter of the Arbitration between STATE OF NEW YORK (STATE UNIVERSITY OF NEW YORK—STONY BROOK), Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION INC., Respondent.—Mahoney, J.

In 1983 Marie Kramp, a part-time employee of petitioner, was paid at salary grade 5 level (Civil Service Law § 130) and was placed in a nonstatutory or "NS" status. When Kramp was promoted to a full-time position as an information specialist, which was allocated to a salary grade 9 level, the payroll department, using the formula contained in the collective bargaining agreement (hereinafter the contract) between petitioner and respondent, determined that her salary would increase from $15,472 to $16,401. However, the Comptroller reduced Kramp's salary to $15,670, ruling that Kramp was not actually promoted but instead was moving from a nonallocated position to an allocated position. The Comptroller con-

cluded that because Kramp had never been paid at a rate equal to or exceeding the hiring rate of salary grade 9, the rules established by the Comptroller relating to Civil Service Law § 131 (5) required that Kramp's new salary be set at the hiring rate of salary grade 9 and not at the level it would have been if the contract formula had been applied.

The failure of the State to apply the contract formula to Kramp, and to other part-time NS employees moving to full-time allocated positions, was challenged by Kramp and other grievants and eventually found by an arbitrator to violate article 7 of the contract. Petitioner subsequently commenced the instant proceeding pursuant to CPLR 7511 seeking to vacate the subsequent arbitration award, and now appeals from the judgment of Supreme Court which confirmed the arbitrator's award.

We affirm. "An arbitration award may not be vacated unless it violates a strong public policy, is irrational, or clearly exceeds a *specifically enumerated* limitation on the arbitrator's power" *(Matter of Board of Educ. v Arlington Teachers Assn.,* 78 NY2d 33, 37 [emphasis supplied]; *see,* CPLR 7511 [b] [1]). Here, it is clear, as found by Supreme Court, that the arbitrator did not exceed his power. He specifically exercised his authority within the terms of the contract, without resort to statutory authority, and fashioned a remedy within the purview and content of that contract *(see, Matter of Town of Callicoon [Civil Serv. Employees Assn., Town of Callicoon Unit],* 70 NY2d 907, 909; *Matter of City of Saratoga Springs [Local 343, I.A.F.F., AFL-CIO, Saratoga Springs Fire Fighters Union],* 111 AD2d 1074). Accordingly, and inasmuch as we find that it is neither irrational nor violative of any strong public policy, the award should be upheld *(see, Matter of Enlarged City School Dist. of Troy [Troy Teachers Assn.],* 69 NY2d 905, 906).

Mercure, Casey and Harvey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.