■ In the Matter of the Arbitration between STATE OF NEW YORK (STATE UNIVERSITY COLLEGE—BUFFALO), Appellant, and UNITED UNIVERSITY PROFESSIONS, Respondent.—Appeal from an order of the Supreme Court (McDermott, J.), entered May 10, 1991 in Albany County, which, inter alia, denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

On this appeal, petitioner claims that the arbitrator exceeded her authority in determining that Brenda Shelton's duties as an associate professor were greater than her half-time employment status in violation of the salary and benefit terms of the parties' collective bargaining agreement. Petitioner notes that the agreement does not permit an arbitrator to "grant a continuing or permanent appointment" or to "substitute his/her judgment" where "provisions of this Agreement or the procedural steps of the Policies [of the Board of Trustees of the State University of New York] call for the exercise of [such] judgment". The Policies of the Board of Trustees state that an employee's "professional obligation * * * shall include teaching, research, University service and other duties". Basically, petitioner claims that the arbitrator was substituting her judgment for that of college officials and that her decision also contravened Shelton's "continuing employment" status.

We disagree. An arbitration award will not be vacated unless it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitra-

tor's power *(see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907). Here, we cannot say that the arbitrator did not act within the scope of her authority. The agreement defines a grievance as a "dispute concerning the interpretation, application or claimed violation of a specific term or provision" of the agreement. The arbitrator limited herself to the issues before her concerning the violation of certain specific clauses of the agreement and, in so doing, exercised her authority within the agreement's terms *(see, Matter of State of New York [State Univ. of N. Y.—Stony Brook] [Civil Serv. Empls. Assn.],* 179 AD2d 941; *cf., Matter of State of New York [State Univ. of N. Y., Coll. at Buffalo] [United Univ. Professions],* 150 AD2d 877, *lv denied* 74 NY2d 612). Her remedy of differential back pay and benefit adjustments was also within the purview and content of the agreement *(see, supra; cf., Matter of State of New York [State Univ. of N. Y., Coll. at Buffalo] [United Univ. Professions], supra).* As a final matter, the award had a rational basis and did not violate any strong public policy *(see, Matter of Ploen v Monticello Cent. School Dist.,* 160 AD2d 879).

Mikoll, J. P., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.