■ HUSSEIN EL REDA et al., Appellants, v LOVE TAXI, INC., Respondent. DAVID BERG et al., Appellants, v LOVE TAXI, INC., Respondent. [608 NYS2d 656] —Orders, Supreme Court, New York County (Edward H. Lehner, J.), entered September 16, 1992, which granted defendant's motion for summary judgment dismissing the plaintiffs' respective second amended complaints, unanimously affirmed, without costs.

In the underlying consolidated actions, identical in all respects except for the specific named plaintiffs, all of whom are currently or were previously individual owners-drivers of limousine vehicles for defendant, a company operating a radio-dispatched limousine service, plaintiffs allege that defendant breached their individual written agreements entered into between 1977 and 1986 by allegedly deducting certain unauthorized fees from the amounts of the fare vouchers submitted by the plaintiffs to the defendant for payment.

The IAS Court properly granted summary judgment dismissing the plaintiffs' respective complaints for breach of contract since the defendant established its entitlement to judgment in its favor as a matter of law by tendering sufficient documentary evidence, including documentation establishing that the contract deductions challenged herein were consistent with a uniform custom and usage applied throughout the radio-dispatched limousine industry and that the plaintiffs had acquiesced therein, without objection, since the inception of each of their contractual relationships, to eliminate any material issue of fact from the case *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853), and since plaintiffs

submitted the conclusory affirmation of counsel, who was without personal knowledge of the facts, and thus failed to establish by evidentiary facts that their claims were real and can be established at trial *(Zuckerman v City of New York,* 49 NY2d 557, 563).

Where, as here, there was no contractual provision in any of the plaintiffs' individual written agreements with the defendant which prohibited the subject deductions, it was appropriate for the IAS Court to look to, and rely upon, the undisputed and uniform custom and usage in the radio-dispatched limousine industry imposing the challenged deductions *(see, Schubtex, Inc. v Allen Snyder, Inc.,* 49 NY2d 1, 6; *Edison v Viva Intl.,* 70 AD2d 379, 383), as well as the long-standing course of conduct of the parties, establishing that the plaintiffs had, with full knowledge of the deductions, nevertheless, regularly and repeatedly submitted their payment vouchers, without objection, to the defendant *(see, Webster's Red Seal Publs. v Gilberton World-Wide Publs.,* 67 AD2d 339, 342, *affd* 53 NY2d 643).

In any event, plaintiffs are estopped from asserting that the deductions in question were unauthorized, where, as here, if plaintiffs wished to protest the deductions, they should have objected when the deductions were first imposed some fifteen years earlier, or within a reasonable period thereafter, rather than merely consenting to, adopting and acquiescing in the deductions while accepting the full benefits which flowed therefrom *(Matter of City of New York [Synor Garage Corp.],* 74 AD2d 552).

We have reviewed the plaintiffs' remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Asch, Rubin, Williams and Tom, JJ.