■ STUART D. LEVY, Respondent, v MILTON KESLOW et al., Appellants, et al., Defendants. [624 NYS2d 132] —Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about August 3, 1994, which, to the extent appealed from, denied defendants' motion to dismiss the first and second causes of action, unanimously affirmed, with costs.

Nothing in the letter agreement between plaintiff and defendant Keslow, consisting of no more than a few short paragraphs, precludes the former from recovering his expenses for any work, labor and services that he performed in the course of functioning as a subcontractor. While "extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" *(Intercontinental Planning v Daystrom, Inc.,* 24 NY2d 372, 379), the letter, which is silent as to the parties' respective obligations and lacks any sort of detail generally, does not appear to be the sum total of the arrangement between the two. Since the letter agreement is not a contract that sets forth the entire agreement between the parties, and is, therefore, not complete, clear and unambiguous on its face, the parol evidence rule does not bar proof, in the form of parol or extrinsic evidence, of the entire purported agreement *(Chimart Assocs. v Paul,* 66 NY2d 570, 573). Concur—Sullivan, J. P., Wallach, Asch and Williams, JJ.