■ In the Matter of the Arbitration between ROBERT L. HALL, Respondent, and STATE OF NEW YORK (DEPARTMENT OF ENVIRONMENTAL CONSERVATION), Appellant. [652 NYS2d 807] —Spain, J. Appeal from an order of the Supreme Court (Keegan, J.), entered August 30, 1995 in Albany County, which, *inter alia,* partially granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner was appointed to his position with the Department of Environmental Conservation (hereinafter DEC), in April 1989. Following a suspension without pay on November 19, 1992, petitioner was served with a notice of discipline dated November 24, 1992 setting forth charges of misconduct which formed the basis for the suspension. Petitioner, a member of the Public Employees Federation, AFL-CIO (hereinafter PEF), filed a disciplinary grievance and demand for arbitration pursuant to article 33 of the collective bargaining agreement between PEF and the State.

In March 1994, after 10 days of the hearing had been completed, DEC informed the American Arbitration Association and counsel for PEF of DEC's position that the ongoing arbitration proceeding had been rendered moot because the Department of Civil Service had disqualified petitioner from his civil service position. Petitioner's disqualification, pursuant to Civil Service Law § 50, was totally unrelated to the misconduct charges which were the subject of the arbitration proceeding. However, the arbitrator agreed with PEF that, absent the withdrawal of the notice of discipline, the arbitration proceeding would not be moot. The final day of the hearing was held on July 19, 1994. DEC did not move to stay the arbitration proceeding. Notably, DEC did not withdraw its notice of discipline, did not attend or participate in the final day of the hearing and did not submit a final brief. In November 1994 the arbitrator found that DEC had failed to prove by a preponderance of the evidence any of the allegations in the notice of discipline, and ordered that petitioner be reinstated to his position at DEC with backpay and all other benefits of employment effective the date of suspension, November 19, 1992.

Petitioner then commenced the instant proceeding in Supreme Court, pursuant to CPLR article 75, seeking a judgment confirming the arbitration award. Supreme Court agreed with the determination of the arbitrator that the proceedings were not rendered moot and confirmed the award to the extent

of awarding backpay; the court, however, refused to reinstate petitioner to his former position. Respondent appeals confirmation of the arbitration award of backpay.

We affirm. An arbitration award may not be vacated unless it violates a strong and substantial public policy, is irrational or clearly exceeds a specific limitation on the arbitrator's power (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.],* 70 NY2d 907; *see, Matter of Sprinzen [Nomberg],* 46 NY2d 623, 630). "Incantations of 'public policy' may not be advanced to overturn every arbitration award * * * Only when the award contravenes a strong public policy, almost invariably involving an important constitutional or statutory duty or responsibility, may it be set aside" (*Matter of Port Jefferson Sta. Teachers Assn. v Brookhaven-Comsewogue Union Free School Dist.,* 45 NY2d 898, 899).

Here, the record supports a conclusion that the arbitrator's award was not beyond the bounds of rationality, nor did it exceed any specific limitation upon the arbitrator's powers; moreover, the award was not violative of strong public policy (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.], supra,* at 48; *Matter of Silverman [Benmor Coats],* 61 NY2d 299, 308; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 582). DEC's refusal to continue with the disciplinary proceedings was an attempt to limit the arbitrator's discretion to determine the charges, which did not vanish upon petitioner's unrelated disqualification, and to fix a remedy under article 33 of the collective bargaining agreement. We reject DEC's claim that since petitioner's appointment was void *ab initio,* he could not avail himself of the provisions of Civil Service Law §§ 75 and 76 or articles 33 and 34 of the collective bargaining agreement. "An employer cannot extinguish an employee's rights under a collective bargaining agreement by simply terminating the employment" (*Baker v Board of Educ.,* 70 NY2d 314, 323). DEC was not compelled to recommend petitioner's disqualification; it chose to do so. There is nothing in the Civil Service Law or in the notice of disqualification and removal to indicate that this discretionary disqualification was retroactive to the date of petitioner's appointment.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.