(July 17, 1997)

■ MASSY HOMAYOUNI, Respondent, v BANQUE PARIBAS, Appellant. [660 NYS2d 413] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 8, 1996, which granted plaintiff's motion for partial summary judgment on the second cause of action for payment of reasonable legal fees, reversed, on the law, without costs, the motion denied, and the matter remanded for trial.

In February 1993, plaintiff was hired by defendant to work as an officer at its Paris branch. Defendant arranged for transport of plaintiff's belongings to France, which arrived in September of that year. Several items of value were allegedly missing from the delivery. The next month, plaintiff's attorney, Robert I. Bodian, contacted defendant by telephone and requested that his client's legal fees, incurred in connection with seeking compensation for the loss, be covered by the employer. Shortly thereafter, Mr. Bodian wrote to George T. Deason, defendant's deputy general counsel in New York City, "to confirm that Banque Paribas has agreed to allow Massy Homayouni to retain Bodian & Eames to represent her in connection with the loss of certain belongings arising from her move from New York to Paris. Banque Paribas has agreed to pay directly to Bodian & Eames all fees and expenses associated with such representation." Mr. Deason responded in writing on October 20, in pertinent part as follows: "As I advised you by telephone, Paribas Capital Markets will pay the reasonable legal expenses of Ms. Homayouni in pressing her claim against Morgan Manhattan. However, please provide us with detailed bills periodically and, of course, keep us advised of what progress is being made (or lack thereof if such is the case)."

Several points about this correspondence are worth noting:

—Both writers make reference to prior telephone discussions, and neither asserts that the entirety of what was orally arranged is set forth anywhere in writing.

—The expansive language in Mr. Bodian's letter, referring to defendant's supposed agreement to pay "all fees and expenses associated with such representation," was radically reduced, in Mr. Deason's reply, to "reasonable legal expenses of [plaintiff] in pressing her claim against Morgan Manhattan" (the New York storage and packing company).

—Even in the absence of consideration flowing from plaintiff to defendant, the latter's qualified acceptance may itself be enforceable as an executory accord (General Obligations Law § 15-501).

A qualified acceptance such as this is nothing more than a counteroffer (*Richards v Levy*, 40 AD2d 1055). Indeed, whenever a purported acceptance is even slightly at variance with the terms of an offer, the qualified response operates as a rejection and termination of—and substitution for—the initially offered terms (*New Hampshire Ins. Co. v Wellesley Capital Partners*, 200 AD2d 143, 148; *Watts v Carter & Sons*, 207 App Div 656). Acceptance of this counteroffer would supersede any inconsistent term in the original offer (*see, Caulfield v Improved Risk Muts.*, 107 AD2d 1013, 1014-1015 [Hancock, J., dissenting], *revd on dissenting mem* 66 NY2d 793), and establish the counteroffer as the new outer limit of defendant's contractual undertaking.

In March 1994, plaintiff voluntarily left her job with defendant and moved back to New York. Six months later, she commenced a lawsuit in Supreme Court to recover $296,950 from not only the New York storage company, but also seven other parties, several of whom were entirely unknown to defendant. This action was removed to United States District Court for the Southern District of New York. Two of the named defendants have brought cross claims, and three have moved for dismissal on grounds ranging from Statute of Limitations and limitation of liability to lack of jurisdiction and forum non conveniens.

The legal fees for this litigation, which is still in the discovery phase, are thus far alleged to total $35,000. While it is true that defendant has made four fee installment payments to plaintiff's counsel totalling approximately $20,000, this circumstance does little to advance the claim that plaintiff now makes in her second cause of action for the funding of the Federal mega-litigation now underway.

At best, there was a counteroffer of a new contract here. At

the very least, the exchange of correspondence was not a contract setting forth the entire agreement between the parties (*see, Machinery Utils. Co. v Fry*, 224 App Div 392). Because the agreement was not complete, clear and unambiguous on its face, the parol evidence rule would not bar extrinsic proof as to the entire purported agreement (*Levy v Keslow*, 213 AD2d 276). The incomplete nature of the writing leaves defendant free to litigate its contentions that (a) legal expenses were to be those incurred in negotiating a settlement to the claim against a single named party (namely, Morgan Manhattan), rather than in pursuing plaintiff's multifarious litigation; and (b) any commitment to its new employee in this regard terminated when her employment ended after barely one year of service.

In sum, multiple factual issues preclude summary judgment. Concur—Murphy, P. J., Rosenberger and Wallach, JJ.

Ellerin, J., dissents in a memorandum as follows: I would affirm the granting of partial summary judgment to the plaintiff.

The agreement between these parties is limited to the terms expressed in the final letter sent by defendant's counsel, which unambiguously stated that defendant would pay plaintiff's "reasonable legal expenses * * * in pressing her claim against Morgan Manhattan [Morgan]", which had allegedly lost or damaged certain of plaintiff's belongings during her move to Paris to commence employment with defendant. The IAS Court properly found that parol evidence was inadmissible, since the agreement set forth in the letter, albeit brief, to the point, and simply stated, nevertheless is "clear on its face and sufficient alone to divine the intent of the parties" (*Namad v Salomon, Inc.*, 74 NY2d 751, 753). As such, its terms may not, under the parol evidence rule, be varied, contradicted or supplemented by evidence of a contemporaneous oral agreement (*Thomas v Scutt*, 127 NY 133, 138).

Indeed, the alleged terms that defendants seek to add by way of parol evidence, i.e., that the parties agreed to exclude any and all legal fees incurred by plaintiff for the purposes of litigation and any fees incurred subsequent to plaintiff's employment with defendant, do not merely supplement but contradict the terms of the written agreement to pay all of plaintiff's reasonable legal fees in "pressing her claim". Under these circumstances, the parol evidence is clearly inadmissible regardless of the completeness of the agreement as a whole (*supra; Mariani v Dyer*, 193 AD2d 456, *lv denied* 82 NY2d 658).

While it is understandable that defendant no longer wishes to incur these expenses, inasmuch as plaintiff is no longer in its employ, this cannot change the nature of the agreement it

entered into when plaintiff was its employee and allegedly suffered these losses.

Defendant is, however, entitled under the terms of the agreement to show that the fees incurred by plaintiff in pressing her claim against Morgan by way of litigation are not "reasonable". While defendant contends that plaintiff has exceeded the bounds of reasonableness simply by the act of naming other defendants in her underlying action against Morgan, there is nothing in the record before us that would support such a finding. Plaintiff contends that these defendants are merely the insurers and shippers who were involved in her transaction with Morgan and that they were necessary parties in her action against Morgan. Given the nature of litigation, there is certainly no reason to find that it is per se unreasonable to name more than one defendant. Whether or not naming these particular defendants, and thereby initially incurring additional legal fees, was a reasonable approach to plaintiff's goal of securing recovery on her claim against Morgan is clearly a question of fact that should be left to the IAS Court. Thus, the IAS Court properly denied summary judgment as to the reasonableness of the amount claimed and set the issue down for trial.

Moreover, in light of the fact that defendant paid all bills submitted to it without complaint, there is no merit to defendant's argument that, as to those charges, plaintiff breached the agreement by submitting inadequately itemized bills and failing to keep defendant properly informed (*see, El Reda v Love Taxi*, 202 AD2d 275).