■ In the Matter of the Arbitration between COUNTY OF SULLIVAN, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent. [706 NYS2d 751] —Mercure, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered June 2, 1999 in Sullivan County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

This appeal involves an arbitrator's interpretation of the collective bargaining agreement (hereinafter the Agreement) between petitioner and respondent as it relates to health insurance coverage for retired employees. It is undisputed that petitioner employed Betty Stafford from November 6, 1970 until December 31, 1981 on either a part-time or per diem basis, and from January 1, 1982 until her retirement on September 30, 1995 on a full-time basis. Upon retirement, petitioner notified Stafford that she could continue her health insurance coverage by contributing 50% of the monthly premium. Thereafter, Stafford requested that petitioner pay 100% of the premium based upon section 2002 (c) of the Agreement, which entitled employees with 20 consecutive years of service to full health insurance coverage. Petitioner denied the request, claiming that Stafford's 11 years of part-time or per diem service did not qualify as years of service within the meaning of section 2002 (c) and that she therefore failed to satisfy the 20-year threshold requirement.

Respondent subsequently filed a grievance on Stafford's behalf and the matter was submitted to arbitration pursuant to the terms of the Agreement. There, petitioner argued that section 2002 (c) was modified by sections 202.1, 202.2 and

in the exercise of our discretion we are considering the Workers' Compensation Law § 11 issue (*see*, *General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895, n).

202.3,* which provided that part-time employees received only pro rata benefits and per diem employees received no benefits at all. The arbitrator rejected that interpretation and determined that nothing in the Agreement provided the criteria by which the 20-year period was measured. Accordingly, the arbitrator held that Stafford's service as a part-time or per diem employee counted toward the 20-year requirement. Petitioner thereafter sought to vacate the arbitration award and Supreme Court denied the application, concluding that the arbitrator acted within her authority. Petitioner appeals.

We affirm. An arbitration award will be vacated only when "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Board of Educ. v Arlington Teachers Assn.*, 78 NY2d 33, 37; *see, Matter of Hall [Department of Envtl. Conservation]*, 235 AD2d 757, 758). Notably, the mere possibility that the arbitrator may have exceeded his or her power is insufficient to vacate the award (*see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308-309).

Here, we are not persuaded that the arbitrator exceeded her authority. The Agreement expressly empowered the arbitrator to interpret the Agreement, subject to the limitation that she could neither add or subtract terms, nor modify or amend any of the provisions therein. In our view, the arbitrator did not exceed those limitations—she merely looked to the four corners of the document and exercised her power to interpret the ambiguous "twenty (20) consecutive years" phrase of section 2002 (c) of the Agreement (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909; *Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582; *Matter of State of New York [State Univ.—Stony Brook] [Civil Serv. Empls. Assn.]*, 179 AD2d 941, 942). We further conclude that the arbitrator's interpretation of the Agreement has support in the record and is by no means irrational (*see, Matter of Board of Educ. [Moore]*, 229 AD2d 888, 890; *Matter of State of New York [State Univ. Coll.—Buffalo] [United Univ. Professions]*, 187 AD2d 822, 823).

---

* These provisions of the Agreement read as follows:

"202.1 Employee(s) who work more than twenty (20) hours per week and four (4) months per year, or four consecutive months, shall be designated 'regular' part-time employees.

"202.2 Such employees shall be members of the collective representation unit and shall participate pro rata in all contract benefits.

"202.3 This Section 202 shall not apply to employees paid on a per diem basis."

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.