■ In the Matter of the Arbitration between COUNTY OF CHEMUNG, Respondent, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Appellant. [716 NYS2d 734] —Peters, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered December 22, 1999 in Chemung County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to CPLR article 75, to vacate an arbitration award.

In September 1997, petitioner appointed Brian Kennedy to the position of Social Welfare Examiner Trainee, subject to a 52-week probationary period. In April 1998, Kennedy was

promoted to the position of Temporary Social Welfare Examiner. Shortly before the expiration of the original 52-week probationary period, his employment was terminated. Respondent filed a grievance on Kennedy's behalf and the matter proceeded to arbitration pursuant to the parties' collective bargaining agreement (hereinafter the agreement). Concluding that Kennedy's appointment in April 1998 constituted a promotion subject to a 12-week probationary period as provided for by the agreement, the arbitrator ruled that Kennedy was wrongly terminated and directed his reinstatement. Petitioner sought to vacate the award by commencing this CPLR article 75 proceeding; respondent cross-moved to confirm. Supreme Court granted petitioner's application and denied the cross motion, prompting this appeal.

The arbitration clause of the parties' agreement provides that the arbitrator's award shall be final and binding except that "in the event either party determines that the arbitrator has varied the terms or illegally interpreted the terms of [the agreement] * * * such aggrieved party shall have the right to submit that sole issue to the Court * * * and the Court shall have jurisdiction of that particular issue." To the extent that this provision can be construed as broadening the scope of judicial review under CPLR article 75, it is of no effect.

CPLR 7501 expressly prohibits judicial review of the merits of the underlying dispute and "CPLR 7511 (b) provides the exclusive grounds for vacating an award" (*Matter of Janis v New York State Div. of Hous. & Community Renewal*, 271 AD2d 878, 879; *see, Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 307). Mindful of the general rule that "a contract should not be interpreted in such a way as would leave one of its provisions substantially without force or effect" (*A-1 Gen. Contr. v River Mkt. Commodities*, 212 AD2d 897, 899), we conclude that the arbitration clause of the agreement must be construed as precluding the arbitrator from adding to, subtracting from or otherwise modifying the terms of the parties' agreement.

Section 2.04 of the agreement requires that its interpretation be governed by, *inter alia*, the Civil Service Law and petitioner's local laws. Civil Service Law § 20 provides for the adoption of rules by a municipal civil service commission which will have the force and effect of law (*see, Matter of Albano v Kirby*, 36 NY2d 526, 529). The rules for the classified civil service adopted by petitioner's civil service commission contain a provision which, on its face, appears to govern whether the temporary appointment of Kennedy to a higher level position on a temporary basis prior to the expiration of the original 52-

week probationary period constitutes a promotion which could trigger the replacement of the original probationary period. We find that the arbitrator was required to give due consideration to such civil service rules when rendering his interpretation since section 2.04 was a specifically enumerated limitation on his power (*see, Matter of County of Sullivan [Civil Serv. Empls. Assn.]*, 271 AD2d 920, 921). In failing to recognize that his interpretation be predicated, and therefore limited, by section 2.04 of the agreement, the arbitrator effectively deleted that term in contravention of an express limitation on his power (*see, Matter of Board of Educ. v Arlington Teachers Assn.*, 78 NY2d 33, 37).

Accordingly, the vacatur of the award and remittal of the matter to a new arbitrator for reconsideration was proper.

Cardona, P. J., Mercure, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.