■ In the Matter of the Arbitration between COUNTY OF STEUBEN, by MARK R. ALGER, as County Administrator, Respondent, and CIVIL SERVICE EMPLOYEES' ASSOCIATION, INC., LOCAL 1000, AFSCME AFL-CIO, for STEUBEN COUNTY UNIT OF

STEUBEN COUNTY LOCAL #851, Appellant. [738 NYS2d 923] —Appeal from an order and judgment (one document) of Supreme Court, Steuben County (Furfure, J.), entered June 4, 2001, which granted the petition seeking to vacate the arbitrator's award.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is denied, the application is granted and the award is confirmed.

Memorandum: Supreme Court erred in granting the petition seeking to vacate the arbitrator's award and denying respondent's application for an order confirming the award. Petitioner did not meet its "heavy burden of demonstrating that the arbitrator's award is 'violative of a strong public policy * * * [or] totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power'" (*Matter of Obot [New York State Dept. of Correctional Servs.]*, 224 AD2d 1006, 1006, *affd* 89 NY2d 883, quoting *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). In our view, the arbitrator did not exceed the express limitation on his power with respect to subtracting from or modifying the provisions of the collective bargaining agreement when he determined the limits of petitioner's right to schedule mandatory overtime and on-call duties (*see, Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, supra at 909; *Matter of County of Sullivan [Civil Serv. Empls. Assn.]*, 271 AD2d 920, 921). The arbitrator was empowered to determine the res judicata effect of a prior related arbitration award (*see, Matter of City School Dist. of City of Tonawanda v Tonawanda Educ. Assn.*, 63 NY2d 846, 848) and to interpret the collective bargaining agreement in light of the parties' past practices and negotiating history (*see, Orchard Park Teachers Assn. v Board of Educ.*, 71 AD2d 1, 5). The language of the collective bargaining agreement is reasonably susceptible of the arbitrator's interpretation, and "[t]he court has no power to set aside an arbitration award because a different construction could be accorded the contract provisions and a different conclusion reached" (*Orchard Park Teachers Assn. v Board of Educ.*, supra at 5; *see, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383). Finally, we conclude that the monetary remedy awarded by the arbitrator is compensatory rather than punitive (*see, Matter of International Bhd. of Painters & Allied Trades, Local Union No. 31, AFL-CIO v Pisciarino*, 170 AD2d 1011) and that it falls within the arbitrator's power to reach a just result (*see, Orchard Park Teachers Assn. v Board of Educ.*, supra at 6). Present—Green, J.P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.