In the Matter of CITY OF BUFFALO, Appellant, v BUFFALO POLICE BENEVOLENT ASSOCIATION, INC., Respondent. [771 NYS2d 769]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J., for Frank A. Sedita, Jr., J.), entered November 1, 2002. The order denied the petition to vacate an arbitration award and confirmed the arbitration award.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner, City of Buffalo (City), appeals from an order denying its petition to vacate an arbitration award that ordered the City to continue making payments to lieutenants and detectives in the Narcotics, Vice and Intelligence Bureau for morning court appearances, and confirming the arbitration award. Contrary to the City's contention, the arbitrator properly received parol evidence to complete the parties' agreement because it is not complete and unambiguous on its face (*see Smith v Slocum*, 71 AD2d 1058, 1059 [1979]; *see also Homayouni v Banque Paribas*, 241 AD2d 375, 377 [1997]). In any event, even if the arbitrator erred in receiving parol evidence, that error would not be a ground for setting aside the award (*see Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]; *see also Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155 [1995]). Contrary to the City's further contention, the arbitrator did not exceed the express limitation on his power with respect to amending, modifying, or deleting from the provisions of the agreement (*see Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909 [1987]; *Matter of County of Steuben [Civil Serv. Empls. Assn., Local 1000, AFSCME AFL-CIO]*, 292 AD2d 810, 811 [2002], *lv denied* 98 NY2d 606 [2002]; *Matter of County of Sullivan [Civil Serv. Empls. Assn.]*, 271 AD2d 920, 921 [2000]). On the contrary, the arbitrator merely determined through parol evidence what consideration the City gave under the parties' memorandum of agreement (MOA). The City failed to meet its " 'heavy burden' " of establishing that the arbitration award violates public policy (*Matter of Erie County Sheriff's Police Benevolent Assn. [County of Erie]*, 299 AD2d 857, 858 [2002]) inasmuch as it did not establish that a public policy, as embodied in statute or decisional law, "prohibit[s], in an absolute sense, [the] particular matters . . . decided or [the] relief . . . granted by the arbitrator" (*Sprinzen*, 46 NY2d at 631; *see Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677, 678 [1985]). In any event, to the extent that, under the arbitrator's interpretation of the MOA, the relevant officers may be paid for a half-hour less work than they had previously been paid, we note that the award provides that the City may remedy that discrepancy by directing the officers to appear at City Court at 9:30 A.M. to meet with prosecutorial representatives or otherwise prepare for their scheduled 10:00 A.M. court appearances (*see generally Hackett*, 86 NY2d at 157). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.