■ 5 BROTHERS, INC., Also Known as AVON CONTRACTORS, Plaintiff, v D.C.M. OF NEW YORK, LLC, Appellant, et al., and VINTAGE FLOORING & TILE, Respondent, et al., Defendant. (Matter No. 1.) In the Matter of VINTAGE FLOORING AND TILE, INC., Respondent, v DCM OF NY, LLC, Appellant. (Matter No. 2.) [998 NYS2d 192]—

In an action to foreclose a mechanic's lien and a related proceeding pursuant to CPLR article 75 to confirm an arbitration award, D.C.M. of New York, LLC, appeals from an amended order of the Supreme Court, Kings County (Demarest, J.), dated April 2, 2013, which denied its motion to vacate an arbitration award dated July 24, 2012, and for summary judgment dismissing the cross claim of the defendant Vintage Flooring & Tile to foreclose on a mechanic's lien against it and on its cross claim alleging willful exaggeration of that mechanic's lien, and granted the petition of Vintage Flooring & Tile in the proceeding to confirm the arbitration award.

Ordered that the appeal from so much of the amended order as denied that branch of the motion of D.C.M. of New York, LLC, which was to vacate the arbitration award and granted the petition of Vintage Flooring & Tile to confirm the arbitration award is dismissed, without costs or disbursements; and it is further,

Ordered that the amended order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the amended order as denied that branch of the motion of D.C.M. of New York, LLC, which was to vacate the arbitration award and granted the petition of Vintage Flooring & Tile to confirm the arbitration award must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are reviewed on the appeal from the judgment (see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC, 123 AD3d 731 [2014] [decided herewith]).

The appellant contends that the Supreme Court erred in denying those branches of its motion which were for summary judgment on its cross claim against the defendant Vintage Flooring & Tile (hereinafter Vintage) alleging that Vintage willfully exag-

gerated the amount of its mechanic's lien and for summary judgment dismissing Vintage's cross claim to foreclose on its mechanic's lien. However, the issues raised in these cross claims were necessarily decided as part of the arbitrator's determination (*see Matter of Vintage Flooring & Tile, Inc. v DCM of NY, LLC*, 123 AD3d 731 [2014] [decided herewith]; *see generally Matter of American Ins. Co. [Messinger—Aetna Cas. & Sur. Co.]*, 43 NY2d 184 [1977]; *Rudolph's Women's Apparel of Mt. Kisco v Chiappinelli*, 167 AD2d 379, 380 [1990]). Accordingly, the Supreme Court properly denied those branches of the appellant's motion. Chambers, J.P., Sgroi, Miller and Barros, JJ., concur.