■ In the Matter of the Arbitration between SAJE BILLER, Appellant, and HERMAN DAVID et al., Respondents.— Judgment, Supreme Court, New York County, entered June 18, 1971, denying petitioner's motion to confirm an arbitration award and granting respondent's cross motion to dismiss the petition, unanimously reversed, on the law, without costs and without disbursements, the motion to confirm granted and the cross motion denied as to respondent Herman David, and the matter remanded for hearing on the single issue of whether respondent W. B. David & Co., Inc., was a party to or participated in the arbitration proceeding and, if so found, the award is confirmed as to said corporate respondent and the cross motion denied as to it. While the terms of an arbitration agreement can be waived by bringing an action involving the same claim (*Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15; *Matter of United Paper Mach.* [*Di Carlo*], 19 A D 2d 143, affd. 14 N Y 2d 814), it does not follow that the bringing of an action after arbitration and award constitutes a waiver or abandonment of the award. An award can be vacated only on the grounds set forth in CPLR 7511. The remedy where an action is brought following arbitration and award is a dismissal of the action pursuant to CPLR 3211 (subd. [a], par. 5) which specifically provides that a party may move for judgment dismissing one or more causes of action on the ground that "the cause of action may not be maintained because of arbitration and award". That section, on its face, presupposes the continued validity of the award despite the bringing of a subsequent action. Since the application to confirm the award was made within one year (CPLR 7510), and none of the grounds set forth in CPLR 7511 was advanced to vacate the award, Special Term erroneously refused to confirm the award as to the individual respondent. As to the corporate respondent, however, since it was not specifically named in the agreement to arbitrate, it would not be bound by the award unless it participated in the arbitration proceeding. The proof on the question of participation is not entirely satisfactory and consequently as to the corporate respondent the matter must be remanded for a hearing on the issue of whether the corporate respondent so participated in the proceeding so as to estop it from now raising any question of being a nonsignatory to the agreement. If upon such a hearing, its participation is sufficiently established, the award against the corporation should be confirmed; and otherwise the award should be vacated. Concur — Stevens, P. J., Capozzoli, Nunez, Kupferman and Murphy, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALEXANDER WYLIE, Appellant.— Judgment, Supreme Court, New York County, rendered on March 23, 1970, unanimously affirmed. (See Code Crim. Pro., § 542; CPL 470.05, subd. 1.) No opinion. Concur — Stevens. P. J., Capozzoli, Nunez, Kupferman and McNally, JJ.