■ RHODA MENKES, Appellant, v CITY OF NEW YORK et al., Respondents. — In an action to recover damages for breach of contract and harassment, plaintiff Rhoda Menkes appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated March 26, 1981, which granted defendants' motion to dismiss plaintiff's complaint. Order affirmed, with $50 costs and disbursements. Plaintiff filed a grievance alleging a pattern of harassment on the part of defendants. After the three-step contractual grievance procedure resulted in a denial of her grievance by the chancellor of the defendant board of education, she filed a demand for arbitration. The arbitrator held, based on several previous arbitral decisions, that general allegations of harassment did not constitute an arbitrable grievance. Those decisions had held that general allegations of harassment based on violations of article 22A of the collective bargaining agreement between the defendant board and the United Federation of Teachers, of which plaintiff is a member, were not arbitrable. They had reasoned that article 22A, which reads, in part: "Definition. A 'grievance' shall mean a complaint by an employee in the bargaining unit (1) that there has been as to him a violation, misinterpretation or inequitable application of any of the provisions of this agreement or (2) that he has been treated unfairly or inequitably by reason of any act or condition which is contrary to established policy or practice governing or affecting employees, except that the term 'grievance' shall not apply to any matter as to which (1) a method of review is prescribed by law, or by any rule or regulation of the State Commissioner of Education having the force and effect of law, or by any by-law of the Board of Education or (2) the Board of Education is without authority to act" is merely a remedial provision defining the term "grievance", and that article 22C, which makes disputes regarding the application or interpretation of substantive provisions of the agreement subject to arbitration, was not meant to refer to a purely remedial provision such as article 22A. Plaintiff thereafter commenced the instant action, based on the same allegations. Defendants moved to dismiss her complaint. Special Term granted the motion, holding that: "The issue of harrassment [*sic*] having been previously litigated before a [*sic*] arbitrator and a determination made adversely to plaintiff, and a prior third step grievance

having found no pattern of harrassment [*sic*], the present action between the same parties predicated on the same facts cannot be maintained; the previous findings stand as a bar to this suit (*res judicata*) (*American Insurance Co. v Messinger,* 43 NY2d 184; *Board of Education v Patchogue-Medford Congress of Teachers,* 66 AD2d 872, affd. mem 48 NY2d 812). Moreover, the allegations of the complaint are vague and conclusor [*sic*] insufficient to sustain plaintiff's action." Plaintiff now appeals. We affirm Special Term's order, but differ with its reasoning. While an arbitrator's award is *res judicata* as to all issues which it decides, its preclusive effect extends only to those precise issues decided, and it is for the court to determine the extent of this effect (*Rembrandt Inds. v Hodges, Int.,* 38 NY2d 502; *Matter of American Ins. Co.* [*Messinger — Aetna Cas. & Sur. Co.*], 43 NY2d 184). The arbitrator's award herein did not pass on the substantive merits of plaintiff's allegations, but merely held that they did not constitute an arbitrable grievance. It did not decide the issue of whether she could maintain an action at law against defendants for breach of contract based on those same allegations. We need not decide that issue, however, since, as a member of the United Federation of Teachers, and subject to that union's collective bargaining agreement with the defendant board of education, plaintiff has abrogated her individual right to sue defendants for violations of that agreement, absent a showing that the union has breached its duty to represent her fairly (*Chupka v Lorenz-Schneider Co.,* 12 NY2d 1; *Berlyn v Board of Educ.,* 80 AD2d 572, affd 55 NY2d 912). In addition, as Special Term noted, the allegations of plaintiff's complaint are vague and conclusory, merely repeating the language of article 22A of the collective bargaining agreement, which defines the term "grievance", and fail to give defendants or the court any notice as to the transactions or occurrences which are alleged as the basis for liability (see CPLR 3013). Accordingly, her complaint was properly dismissed. Titone, J. P., Gibbons, Thompson and Niehoff, JJ., concur.