■ HOME INSURANCE COMPANY, Appellant, v COUNTRY-WIDE INSURANCE COMPANY, Respondent.—In an action, inter alia, for a judgment declaring that a controversy over whether the defendant should be reimbursed for certain no-fault payments made by it was not arbitrable, the plaintiff insurer appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated February 3, 1986, which granted the defendant insurer's motion pursuant to CPLR 3211 (a) (5) to dismiss the action on the ground of arbitration and award.

Ordered that the order is affirmed, with costs.

On or about April 7, 1981, an automobile accident occurred involving vehicles owned by the parties' insureds. As a result of the accident, the defendant paid first-party benefits to its insured for which it subsequently sought reimbursement from the plaintiff pursuant to Insurance Law former § 674 (1) (now § 5105 [a]). The intercompany arbitration panel (hereinafter the arbitration panel) found in favor of the defendant and ordered the plaintiff to make full restitution of all moneys paid by the defendant to its insured. Between September 2, 1982 and August 21, 1984, the plaintiff made restitution to the defendant in the sum of $28,158.19.

In March 1985 the defendant submitted an additional claim for reimbursement based on additional payments to its insured of $14,909.13. The plaintiff, for the first time, asserted that the arbitration panel lacked jurisdiction to entertain the defendant's claim for reimbursement inasmuch as neither of the vehicles involved weighed in excess of 6,500 pounds unloaded or was used principally for the transportation of persons or property for hire (see, Insurance Law § 5105 [a]). The arbitration panel's decision in favor of the plaintiff, made after a hearing, was reversed by the national committee manager and the defendant was awarded damages of $14,909.13. The plaintiff thereafter commenced this declaratory judgment action and the defendant countered with a motion pursuant to CPLR 3211 (a) (5).

In view of the fact that mandatory arbitration provides the sole remedy of loss transfer between insurers (Paxton Natl. Ins. Co. v Merchants Mut. Ins. Co., 74 AD2d 715, 716, affd 53 NY2d 646), the parties surrendered themselves to the jurisdiction of the arbitration forum from which judicial review is circumscribed. It is well settled that an arbitration award can be vacated only on the grounds set forth in CPLR 7511 and that following arbitration and award a dismissal of the action pursuant to CPLR 3211 (a) (5) is required (see, Matter of Biller [David], 37 AD2d 954). Rather than commence a proceeding to vacate the arbitration awards, the plaintiff attempted to collaterally attack them via a plenary action for a declaratory judgment.

In view of the plaintiff's failure to follow the proper procedures, the action was properly dismissed pursuant to CPLR 3211 (a) (5). Mangano, J. P., Brown, Lawrence and Eiber, JJ., concur.