■ JOSEPH DIBENEDETTO, Appellant, v PHILIP J. RYAN et al., Respondents. [618 NYS2d 70] —In an action by an employee of the New York State Department of Motor Vehicles to recover

damages, *inter alia,* for intentional infliction of emotional distress and injunctive relief against three coemployees, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Cohalan, J.), entered March 23, 1993, which, upon a decision granting the defendants' cross motion to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7), dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff settled various grievances against his employer by way of a stipulation dated July 30, 1987, in which he released the employer and its agents from liability for former alleged wrongs, and agreed in the future to seek redress for any grievances through the procedures and administrative channels prescribed by his union contract. Thereafter, the plaintiff pursued another set of similar grievances to arbitration, which resulted in an award on August 30, 1988.

To the extent that the grievances set forth in the instant complaint were already settled by the stipulation of 1987 and pursuant to an arbitration award in 1988, the instant action was properly dismissed pursuant to CPLR 3211 (a) (5) *(see,* CPLR 7511; *Home Ins. Co. v Country-Wide Ins. Co.,* 134 AD2d 570, 571; *Matter of Biller [David],* 37 AD2d 954). The remainder of the complaint was properly dismissed pursuant to CPLR 3211 (a) (7), because the residual grievances are governed by the plaintiff's collective bargaining agreement *(see, Matter of Board of Educ. v Ambach,* 70 NY2d 501, 508, *cert denied sub nom. Margolin v Board of Educ.,* 485 US 1034; *Berlyn v Board of Educ.,* 55 NY2d 912; *Menkes v City of New York,* 91 AD2d 654, *lv dismissed* 59 NY2d 602, *cert denied* 464 US 858). Although the plaintiff complains that his union has failed to carry his 50 subsequent grievances past Step 2 of the grievance procedures mandated by his collective bargaining agreement, this does not constitute the arbitrary, discriminatory, or bad-faith behavior necessary to constitute a breach by the union of its duty of fair representation of him *(see, Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188, 196). Indeed, the union's "decision to conclude the grievance process short of the final step allowed by contract or law is binding on the employee and precludes resort to additional remedies" *(Matter of Board of Educ. v Ambach, supra,* at 511; *see also, Matter of Civil Serv. Bar Assn. v City of New York, supra; Abrams v Board of Educ.,* 91 AD2d 618).

We note that this case and related matters undertaken by the plaintiff's attorneys border on the frivolous, and that they

would be well advised to refrain from such irresponsible litigation in the future. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.