■ JAMES W. HOERGER et al., Respondents, v BOARD OF EDUCATION OF THE GREAT NECK UNION FREE SCHOOL DISTRICT, Respondent, and GREAT NECK TEACHERS ASSOCIATION, INC., Appellant. [627 NYS2d 731] —In an action, inter alia, to recover damages for breach of a collective bargaining agreement, the defendant Great Neck Teachers Association, Inc., appeals from so much of an interlocutory judgment of the Supreme Court, Nassau County (Molloy, J.), entered March 4, 1993, as upon denying its motion for judgment as a matter of law pursuant to CPLR 4401, after a jury trial on the issue of liability, is in favor of the plaintiffs and against it.

Ordered that the interlocutory judgment is reversed insofar as appealed from, with one bill of costs payable by the respondents, the motion is granted, the complaint is dismissed insofar as it is asserted against the defendant Great Neck Teachers Association, Inc., and the action against the remaining defendant is severed.

The relevant factual and procedural background of this action is contained in this Court's prior decisions (see, Hoerger v Board of Educ., 127 AD2d 88; Hoerger v Board of Educ., 98 AD2d 274). This action has its genesis in the 1981 retirements of 47 teachers of the Great Neck Union Free School District, 44 of whom, including the two named plaintiffs, retired pursuant to a retirement incentive plan (hereinafter the plan) jointly developed by the defendant Great Neck Teachers Association, Inc. (hereinafter the union) and the Board of Education of the Great Neck Union Free School District (hereinafter the Board). Under the plan each retiree received, inter alia, a lump-sum payment of $13,500. The remaining three, tenured teachers, separately negotiated, with the assistance of the union, the terms of their agreements with the defendant Board, pursuant to which each received lump-sum payments significantly higher than those provided by the plan.

In this action, the plaintiffs charged that the Board had

breached the collective bargaining agreement by separately negotiating the retirement plans of the three teachers after having presented a specific retirement incentive plan purportedly for all teachers, and accepting the plaintiffs' resignations in accordance with that plan. The plaintiffs also claimed that the union had breached its duty to represent fairly the interests of all members of the bargaining unit by participating in the negotiations of the three separately-arranged agreements. The Board maintained that it acted in good faith, asserting that it had determined to proceed with disciplinary proceedings pursuant to Education Law § 3020-a against the three teachers, whom it considered unfit to continue teaching in the district. The Board alleged that it had ample evidence to support charges against the three teachers, and that the agreements simply represented a legally valid settlement of those imminent proceedings *(see, e.g., Matter of Abramovich v Board of Educ.,* 46 NY2d 450, *cert denied* 444 US 845; *Matter of Cooke v Board of Educ.,* 140 AD2d 439). The union, in turn, claimed that it did not act in an arbitrary manner by assisting the three teachers in the settlement of the anticipated charges. After a trial on the issue of liability, the jury rendered a verdict in favor of the plaintiffs on their cause of action against the Board alleging breach of the collective bargaining agreement, and the cause of action against the union alleging breach of its duty of fair representation.

On appeal, the union maintains that the trial court erred in denying its motion for judgment as a matter of law at the close of the plaintiffs' case. We agree, and accordingly, reverse the judgment insofar as it is against the union. It is settled law that a union breaches its duty of fair representation when its conduct toward a member of the collective bargaining unit is "arbitrary, discriminatory, or in bad faith" *(Matter of Civil Serv. Bar Assn. v City of New York,* 64 NY2d 188; *see, DiBenedetto v Regan,* 208 AD2d 796; *Schmitt v Hicksville UFSD No. 17,* 200 AD2d 661; *Matter of Jacobs v Board of Educ.,* 64 AD2d 148). Upon our review of the evidence adduced by the plaintiffs, we conclude that by no rational process could a jury have found that the union's limited participation in the negotiation of the settlement agreements on behalf of three of its members who faced the spectre of lengthy, potentially deleterious disciplinary proceedings, represented a breach of the union's duty to represent fairly the plaintiffs, who were also members of the collective bargaining unit. Bracken, J. P., Sullivan, Miller and Hart, JJ., concur.