OPINION OF THE COURT
James B. Canfield, J.
Defendants Roger Thompson, superintendent and chief executive officer of the Hoosick Falls Central School District (District) and Hoosick Falls Central School Teachers Association (Association) move and cross-move to dismiss the plaintiffs’ two causes of action for declaratory relief.
As the movants, the District and Association bear the initial burden on their motions to dismiss this action challenging the District and Association’s agreement to exclude plaintiffs from retroactive salary increases given to other employees during *118 the period 1999 through 2001. Plaintiffs are former employees of the District, who retired between 1999 and 2001. While the plaintiffs were still employed, the District and Association were negotiating a contract that was to commence in 1999. They failed to conclude the negotiation until May 2001. When the negotiations concluded, the District and Association purportedly agreed that only the remaining employees of the District would be entitled to retroactive salary increases for the time they worked between 1999 and the conclusion of negotiations. Plaintiffs, who were no longer employed, were excluded from these retroactive increases.
Plaintiffs assert that they are entitled to the same retroactive salary increases as their former colleagues and that the Association had a duty to represent them fairly and breached its duty by its efforts to exclude them from receiving the same salary increases and refusal to bring a grievance challenging the District’s refusal to honor plaintiffs’ demands. In what appears to be a matter of first impression the District and Association assert that the plaintiffs lack “standing” to commence the action. The defendants buttress their position with the Public Employment Relations Board’s (PERB) decisions holding that former employees lack “standing” to challenge their union’s failure to obtain benefits for them or to bring grievances on their behalf (Matter of Lanzillo [Greece Cent. School Dist.], 28 PERB U 3048).
It must be noted at the outset that PERB short-circuits analysis of who is entitled to representation by using the word “standing” differently from the “standing” which courts normally refer to. The well settled test for determining a litigant’s “standing” looks to whether there is a genuine controversy, that is, whether a plaintiff is alleging an injury in fact that falls within his or her zone of interest. The existence of an alleged injury in fact — an actual legal stake in the matter being adjudicated — ensures that the party seeking review has some concrete interest in prosecuting the action which casts the dispute in a form traditionally capable of judicial resolution (Silver v Pataki, 96 NY2d 532, 539; Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772). Thus, the proper question in determining whether plaintiffs have “standing” is whether plaintiffs have alleged a proximate injury to themselves, not whether it will ultimately be determined that they were injured because the Association had and violated a duty of fair representation.
Plaintiffs allege that the District did not pay them as much as other District teachers for their services during the *119 first part of the challenged agreement and that the Association breached its duty of fair representation when it agreed to the arrangement and refused their request to file a grievance regarding the District’s denial of the salary increases. There being no question that the plaintiffs have alleged an injury in fact, the plaintiffs clearly have “standing” to challenge the defendants’ excluding them from coverage.
Turning to the question of whether the Association actually owed the plaintiffs a duty of fair representation, defendants first argue that the plaintiffs “were not part of the bargaining unit at the time the professional agreement was negotiated” and therefore were not entitled to representation by the Association or to complain that they were denied the retroactive benefits. While it is true that the plaintiffs were no longer employed by the District at the time the District and Association finally concluded their negotiations regarding the 1999-2003 contract, the defendants’ statement is misleading. The plaintiffs were part of the bargaining unit and arguably entitled to fair representation during part of both the negotiations and the 1999-2003 contract period for which they are demanding the same retroactive increases as the employees who remained in May 2001. Defendants may not simply ignore the plaintiffs’ claim for fair representation during the period of time that the plaintiffs were represented by the Association.
The statutory authority for defendants’ argument that plaintiffs’ rights evaporated as soon as they retired is not explicit. Civil Service Law does not specifically terminate all existing union obligations to individual employees in its bargaining unit at the moment that the employee ceases to be employed. Thus the issue of whether the Association owed any duty to plaintiffs when the District and Association finished negotiating a contract after the plaintiffs retired requires more than pure statutory construction (Matter of Gruber [New York City Dept. of Personnel — Sweeney], 89 NY2d 225, 231-232). Consequently, PERB’s analysis is not entitled to the same deference as is normally afforded the interpretation of a statute by an administrative body charged with the duty of interpreting its provisions (Appelbaum v Deutsch, 66 NY2d 975, 977; Matter of Cathedral of Incarnation v Glimm, 61 NY2d 826, affg 97 AD2d 409, 410; Matter of Burke v Denison, 218 AD2d 894, 895-896).
In assessing the validity of PERB’s analysis it must be conceded that the general proposition that unions usually have, no duty to represent those who are outside the bargaining unit *120 logically follows from the union’s statutory obligation to represent employees in the bargaining unit. While PERB’s conclusion is logical in many situations, there are necessary exceptions. Among the exceptions which the courts have already recognized is that an employer cannot extinguish an employee’s rights to fair representation by simply terminating the employment (Baker v Board of Educ. of W. Irondequoit Cent. School Dist., 70 NY2d 314, 323; Matter of Hall [State of N.Y. (Dept. of Envtl. Conservation)], 235 AD2d 757; Matter of County of Schenectady [Lainhart], 177 AD2d 826, 827). Even PERB has acknowledged that there must be exceptions to its general rule. When an employee’s employment relationship is severed, the union’s representation duties to that former employee do not end “in circumstances in which the severance from employment is being contested or there is some other basis upon which to conclude that there is a continuing nexus to employment notwithstanding the individual’s relinquishment or loss of employment” (Matter of Bartolini v Westchester County Correction Officers’ Benevolent Assn., Inc., 30 PERB ¶ 3075; Matter of Heady v County of Dutchess, 31 PERB ¶ 3068).
Plaintiffs’ claim that they are owed a duty of fair representation in contract negotiations for periods during which they actually worked without a contract is factually different from the previously recognized exceptions. Nevertheless, the application of the general rule to these plaintiffs relegates them to the same kind of irrational limbo as prompted recognition of those earlier exceptions. Furthermore, PERB has all but recognized the plaintiffs’ exception when it recognized that the unions are entitled to negotiate on behalf of former employees who retired after the prior contract expired and while contract negotiations are underway (Matter of Heady v County of Dutchess, 31 PERB ¶ 3068; Matter of Old Brookville Policemen’s Benevolent Assn., Inc. v Incorporated Vil. of Old Brookville, 16 PERB ¶ 3094; Matter of Sewanhaka School Dist. v Sewanhaka Fedn. of Teachers, 17 PERB ¶ 3049). Considering the Association’s clear authority both to negotiate on behalf of plaintiffs during the period that the plaintiffs were employed and to continue to negotiate after their retirement regarding the retroactive benefits of both present and former members, the court finds that the Association owed plaintiffs a duty of fair representation of their interest in ultimately receiving the same retroactive compensation as their coworkers during the portion of the contract period they were employed by the District.
*121 The District and Association next move to dismiss the action claiming that it is time-barred pursuant to CPLR 217 (2). Plaintiffs’ claims against the Association are for alleged breaches of the duty of fair representation. Their claims against the District are inextricably intertwined with their claims against the Association’s alleged breach of duty of fair representation and, thus, both are governed by the four-month statute of limitations in CPLR 217 (2) (a) and (b) (Dolce v Bayport Blue Point Union Free School Dist., 286 AD2d 316). CPLR 217 (2) (a) and (b) provide in pertinent part that this action needed to be “commenced within four months of the date the employee or former employee knew or should have known that the breach has occurred, or within four months of the date the employee or former employee suffers actual harm, whichever is later.” This action was commenced on December 20, 2001. Thus, in order to be successful, the defendants must demonstrate that prior to August 20, 2001 the plaintiffs both “knew or should have known” and also that they suffered actual harm as a result of the District and Association’s alleged breaches.
The Association’s counsel alleges in conclusory fashion that all of plaintiffs’ claims are barred by the statute of limitations. Contrary to counsel’s sweeping conclusion, the Association’s memorandum of law concedes that two of the three claims of unfair representation accrued in December 2001. Clearly those two claims are not time-barred.
The only alleged breach of duty of fair representation that is arguably untimely is the District and Association’s alleged May 24, 2001 agreement to exclude the plaintiffs from retroactive coverage. The plaintiffs certainly were aware of the District and Association’s agreement to exclude the plaintiffs by October 2, 2001 when the District’s counsel apparently telephoned plaintiffs’ counsel and sent correspondence in which he clearly gave notice to the plaintiffs’ counsel that plaintiffs were not entitled to retroactive pay because the Association “had rejected the District’s offer to have retroactive increases cover those teachers who had already left District employ during the period of negotiations.” That telephone call came 42 days too late to serve as the basis for defendants’ motion to dismiss.
The defendants instead argue that plaintiffs were or should have been aware of their agreement on May 24, 2001, the very same day that their negotiators entered into the challenged agreement. That argument is unsupported by any evidence that the plaintiffs were present at the negotiations or *122 otherwise given notice on that date. The Association does present the affidavit of Maria Amann (Amann) who at least supports the existence of the May 24, 2001 agreement between the District and Association by appending a copy of a handwritten addendum to the salary schedule as an exhibit. The addendum is irrelevant to the issue of notice however because Amann does not allege that the addendum was ever published to the plaintiffs or the Association’s members and gives no explanation of how the plaintiffs would be on immediate notice of the agreement. In the absence of any reasonable explanation of how the plaintiffs would be on notice, defendants’ conclusion that the four-month statute of limitations started to run on May 24, 2001 is rejected.
Defendants next assert that plaintiffs were on notice by May 30, 2001 when the terms of the agreement were allegedly explained at an Association membership meeting. Once again, there is no evidence that the plaintiffs were given notice of the meeting, were present at the meeting or would have even been permitted, as former members, to attend the membership meeting. Amann does not allege that a copy of the addendum excluding the plaintiffs was published at the meeting. Amann alleges only that another member of the Association’s negotiating team stated that “there would be no retroactive money for” individuals who retired prior to May 1, 2001 in response to a question from a member, who allegedly stated that Mike Baratío (Baratío), one of the plaintiffs in this action, wanted to know. Given the Association’s position that the plaintiffs were no longer members at the time of the May 30, 2001 meeting, the lack of notice to the plaintiffs of the meeting, the fact that the plaintiffs were absent from the meeting, and the failure to publish the specific addendum at the time of the meeting, the court finds that the alleged statement at the May 30, 2001 meeting failed to put the plaintiffs on notice of the agreement for purposes of CPLR 217 (2).
Amann next asserts that plaintiff Barr ato knew that the plaintiffs were excluded by June 1, 2000. This argument rests on Barrato’s alleged statement, “You realize this is screwing the retirees” on the day that the Association members voted on the agreement and his submitting a “no” vote in protest despite his not being a member of the Association or entitled to vote. This alleged statement by Baratío certainly does not meet the defendants’ burden of demonstrating that all of the other plaintiffs had any knowledge or should have had knowledge that the District and Association had agreed to exclude the *123 plaintiffs. Furthermore, not only does Baratío deny having made the alleged statement, but he has demonstrated that when he thereafter attempted to obtain a copy of the agreement, the District gave him a copy of what he was informed was a complete draft of the agreement between the District and Association. The draft agreement does not include the language contained in Amann’s addendum and makes no other reference to excluding the plaintiffs from retroactive benefits. The draft agreement did not put Baratío, much less any of the other plaintiffs on notice of their exclusion. Furthermore, by indicating that the plaintiffs were not excluded from the retroactive increases, the draft agreement eliminates the defendants’ arguments that the plaintiffs should have been aware of the District and Association’s May 24, 2001 agreement.
Amann asserts that the District’s Board of Education met on June 4, 2001 and approved the agreement and the fact that it approved the agreement was reported in the newspapers on June 7, 2001. Amann fails to allege that the fact that the plaintiffs were excluded from the retroactive coverage was even mentioned at the District’s meeting or in the newspaper article. These dates are irrelevant to the calculation of the statute of limitations.
Amann next alleges that the school district sent retroactive salary payments to the current employees “[b]y no later than the end of the first week of August 2001” but sent no retroactive increases to the plaintiffs. Amann does not allege that plaintiffs were expecting retroactive payments to come in late July and early August. Amann does not allege that the plaintiffs were either sent notice that the current employees were receiving retroactive payments or that the plaintiffs were not receiving retroactive payments. While arguably relevant for the purposes of determining when the plaintiffs were actually harmed, the date upon which payments were sent to non-plaintiffs is irrelevant to the question of when the plaintiffs were given notice or should have known.
Finally, Amann concedes that when the full agreement was drafted, reviewed, and signed by the District and Association on August 23, 2001, it, like the draft that was given to Baratío in early August, did not specifically exclude the plaintiffs from the retroactive payments to the current employees. The alleged May 24, 2001 agreement to exclude the plaintiffs from the retroactive increases is not reflected in the final agreement between the District and Association. The August 23, 2001 agreement was published and available to the plaintiffs. It, like the *124 draft given to Baratío, provides no notice to the plaintiffs of the May 24, 2001 agreement to exclude them and eliminates the defendants’ arguments that the plaintiffs should have been aware of the May 24, 2001 exclusion.
The defendants have failed to meet their burden of demonstrating that the plaintiffs were on notice of the agreement excluding them from the retroactive salary increases or should have known prior to August 20, 2001. The first date upon which it can be said that the plaintiffs were given notice and should have been aware of their exclusion was October 2, 2001, less than four months prior to the commencement of this action. Accordingly, the District and Association’s motions to dismiss on statute of limitations grounds must be denied.
The Association’s last argument for dismissal is that the plaintiffs have failed to state a cause of action (CPLR 3211 [a] [7]). The court’s inquiry is limited to deciding whether the facts as alleged in the complaint fit within a cognizable legal theory (Maas v Cornell Univ., 94 NY2d 87, 91; Cron v Hargro Fabrics, 91 NY2d 362, 366). Furthermore, whatever can reasonably be implied from allegations in the pleadings and plaintiffs’ supporting affidavits must be deemed to be true (Cron v Hargro Fabrics, supra; Korenman v Zaydelman, 237 AD2d 711, 713).
In assessing whether plaintiffs have stated a cause of action against the District and Association, the court first considers the alleged breaches of the Association’s duty of fair representation. Defendants acknowledge that the Association, as the exclusive bargaining representative of a defined group of employees, has a duty to fairly represent employees in the group (Vaca v Sipes, 386 US 171; Humphrey v Moore, 375 US 335). A claim for breach of statutory duty of fair representation against a union requires a showing that the activity, or lack thereof, which forms the basis of the charges against the union was discriminatory, deliberately invidious, arbitrary, or founded in bad faith (Kleinmann v Bach, 195 AD2d 736; Matter of Civil Serv. Empls. Assn. v Public Empl. Relations Bd., 132 AD2d 430).
Plaintiffs allege that defendants agreed to exclude plaintiffs from the terms of their agreement and as a result the plaintiffs were compensated at a lower level for services that they provided than other employees who were performing the same services for the same employer at the same location during the same period of time. The October 2, 2001 letter from the District’s counsel to plaintiffs’ counsel acknowledges that the District offered to include the plaintiffs retroactively and *125 the Association declined the offer. The defendants clearly could have agreed to give the same retroactive salary to the plaintiff's as the other employees working prior to the date of the agreement (Matter of Heady v County of Dutchess, 31 PERB ¶ 3068 at 3151 n 4), but chose not to in order to benefit themselves. The defendants’ actions as alleged by the plaintiffs arguably breached the Association’s duty of fair representation by being discriminatory, deliberately invidious, arbitrary, and/or founded in bad faith. Plaintiffs have stated a cause of action against the Association for breach of its duty of fair representation.
Turning to the claims stemming from the refusal to handle plaintiffs’ grievances, it is well established that a union is not required to carry every grievance to the highest level, and the mere failure on the part of a union to proceed to arbitration with a grievance is not, per se, a breach of its duty of fair representation (Kleinmann v Bach, 195 AD2d 736). Whether or not plaintiffs will ultimately meet their burden remains to be seen. For the purposes of this motion the court finds that the defendants have not demonstrated that the Association could not have violated its statutory duty of fair representation by refusing to file plaintiffs’ grievances. Indeed, the defendants implicitly concede that plaintiffs state causes of action against the Association when they rely on cases in which the courts rendered determinations based on the record rather than the sufficiency of the allegations (Matter of Civil Serv. Bar Assn. Local 237, Intl. Bhd. of Teamsters v City of New York, 64 NY2d 188; Matter of Bergamine v Patrolmen’s Benevolent Assn., 202 AD2d 201; Hoerger v Board of Educ., 215 AD2d 728).
Accordingly, defendants’ motions are denied with $100 costs each.