James P. HENNESSY, Plaintiff,

v.

The CITY OF LONG BEACH; Eugene Camarrato, individually and in his official capacity as Director of Operations for the City of Long Beach; Stephen J. Kohut, individually and in his official capacity as Chief of Lifeguards for the City of Long Beach; Defendants.

No. 02CV4504 (ADS)(MLO).

United States District Court, E.D. New York.

April 25, 2003.

Charles T. Theofan, Esq., Mineola, NY, for Plaintiff.

William G. Holst, Corporation Counsel of the City of Long Beach by Noreen O. Costello, Esq. and Corey E. Klein, Esq., Long Beach, NY, for Defendants.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The plaintiff James P. Hennessy ("Hennessy") brings this action against the defendants the City of Long Beach (the "City"), Eugene Camarrato ("Camarrato") and Stephen J. Kohut ("Kohut") (collec-

tively, the "defendants") alleging that they terminated him from his lifeguard job with the City because of his political association with the Republican Party in violation of 42 U.S.C. § 1983, the New York State Civil Rights Law § 40–C(2) and the New York State Executive Law § 291. Presently before the Court is a motion by the defendants pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the complaint for lack of subject matter jurisdiction. In the alternative, the defendants move pursuant to Rules 12(b)(6) and 56 to dismiss the complaint. The defendants also move for attorney's fees and sanctions.

## I. BACKGROUND

The facts are taken from the complaint unless otherwise noted. The plaintiff is a resident of Long Beach, New York. The City is a governmental subdivision and a municipal corporation of the State of New York. Camarrato, the Democratic Leader of the City of Long Beach, is the Director of Operations for the City. Kohut, a Democratic Committeeman, is the Chief of Lifeguards for the City.

Since 1984, the plaintiff has worked as a seasonal lifeguard for the Long Beach Lifeguard Patrol. The lifeguard season runs from Memorial Day to Labor Day. For the balance of the year, the plaintiff has worked as a school teacher for the Hewlett School District. In 1992, the City promoted the plaintiff to lieutenant in the Long Beach Lifeguard Patrol, which rank the plaintiff held through 2001.

In winter 2001, the plaintiff decided to seek the nomination of the Republican Party for City Council in the November 2001 election. Before Memorial Day 2001, the plaintiff requested a leave of absence for the upcoming summer season to campaign for the election. Camarrato and Kohut denied his request even though such requests are permitted under the collective

bargaining agreement (the "CBA") and are routinely granted.

Several weeks into the summer 2001 season, the plaintiff aggravated a pre-existing back condition and went on medical leave with the knowledge and consent of the defendants. In early August 2001, the plaintiff's doctor advised him that he could return to work. By letter dated August 2, 2001, plaintiff's counsel informed the City that the plaintiff was prepared to return to his job but the City never responded.

By letter dated February 15, 2002, plaintiff's counsel informed the City that the plaintiff was prepared to work in the spring 2002. By letter dated May 15, 2002, Kohut advised the plaintiff that he was never granted medical leave in 2001 and as such his request to return to his lifeguard job for the summer of 2002 was denied. The complaint alleges that Kohut's letter is false and serves as a pretext for firing the plaintiff for "exercising his constitutional rights."

The complaint alleges three causes of action against the defendants. The first claim is for terminating the plaintiff's employment with the City based on his political beliefs and ideologies in violation of 42 U.S.C. § 1983. The second claim is for conditioning employment decisions on political associations and beliefs in violation of the due process clause of the United States Constitution. The third claim is for actions allegedly in direct violation of New York State Civil Rights Law § 40–C(2) and New York State Executive Law § 291.

The defendants now move pursuant to Rule 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. In the alternative, the defendants move pursuant to Rules 12(b)(6) and 56 to dismiss the complaint. The defendants also move for attorney's fees and sanctions. Except for setting forth the standard of review for a Rule 12(b)(6) motion, the plaintiff does not

address the arguments in the defendants' motion.

## II. DISCUSSION

### A. Rule 12(b)(1)

■ Rule 12(b)(1) provides the standard of review for motions to dismiss for lack of subject matter jurisdiction. Under Rule 12(b)(1), a court may consider affidavits and other material beyond the pleadings to resolve the jurisdictional question. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir.2001); *Antares Aircraft, L.P. v. Fed. Republic of Nigeria*, 948 F.2d 90, 96 (2d Cir.1991), *vacated on other grounds*, 505 U.S. 1215, 112 S.Ct. 3020, 120 L.Ed.2d 892 (1992); *Exch. Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1130 (2d Cir.1976). Under Rule 12(b)(1), a court must accept as true all material factual allegations in the complaint, but will not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir.1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992). Hearsay statements contained in affidavits may not be considered. *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). The parties have submitted affidavits and other material in support of their respective positions. The Court will consider this material to the extent it is relevant to the issue of jurisdiction.

The defendants argue that the complaint must be dismissed for lack of subject matter jurisdiction because the provisions of the CBA are not a proper subject for this Court. The Court disagrees.

A district court has jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. There is federal question jurisdiction "where a well-pleaded complaint 'establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Under the wellpleaded complaint rule, "federal jurisdiction must be found from what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation of avoidance of defenses which is thought the defendant may interpose." *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 194 (2d Cir. 1987) (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)).

The complaint alleges that the defendants terminated him from his lifeguard job with the City because of his affiliation with the Republican Party. This allegation raises a claim under the First Amendment to the United States Constitution. *See Vezzetti v. Pellegrini*, 22 F.3d 483, 486–87 (2d Cir.1994) ("First Amendment rights are violated when a person holding a nonpolicymaking position is dismissed from employment for political reasons."). As such, the complaint invokes federal question jurisdiction. *See Ford v. Reynolds*, 316 F.3d 351, 352 (2d Cir.2003) ("Federal question jurisdiction is proper [where] . . . claims [brought] pursuant to the United States Constitution and 42 U.S.C. § 1983."); *Jensen v. Farrell Lines, Inc.*, 625 F.2d 379, 381–82 (2d Cir.1980) (noting federal question jurisdiction exists where the plaintiffs' claim depends on the interpretation of the First Amendment right to freedom of association). Accordingly, the motion to dismiss the complaint for lack of subject matter jurisdiction is denied.

## B. Rule 12(b)(6)

A court may grant a Rule 12(b)(6) motion only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' " *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir.2000), *abrogated on other grounds, Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002), (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The court must accept as true all of the factual allegations set out in the complaint, draw inferences from those allegations in the light most favorable to the plaintiff, and construe the complaint liberally. *See id.* (citing *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir.1999)).

Under Rule 12(b)(6), the court "must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Tarshis*, 211 F.3d at 39 (citing *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). Except in certain limited situations, the plaintiff must only provide a "short and plain statement" that "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512–513, 122 S.Ct. 992, 152 L.Ed.2d 1 (citing *Conley*, 355 U.S. at 47, 78 S.Ct. 99, 2 L.Ed.2d 80). This notice pleading standard expects "liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. 992, 152 L.Ed.2d 1.

In support of their motion, the defendants submit affidavits, exhibits and documents which are not found in the pleadings. The Court may not consider this material in a Rule 12(b)(6) motion, *see Tarshis*, 211 F.3d at 39, and declines to convert their motion to one for summary judgment. *See Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir.1988) (stating that a court may decide to convert a Rule 12(b)(6) motion to one for summary judgment for the purposes of considering material outside the pleadings but must first allow each party an opportunity to submit supporting material).

### 1. Claim One—Political Discrimination

The first claim alleges that the defendants terminated the plaintiff based on his political beliefs and ideologies in violation of Section 1983, which provides in pertinent part:

> Every person who, under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. In order to succeed in a Section 1983 claim, the plaintiff must show that (1) the defendant acted under color of state law; and (2) due to the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges secured by the Constitution or federal laws. *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir.1998). It is undisputed that the first element is met. As to the second element, the complaint alleges that the defendants discriminated against the plaintiff based on his affiliation with a political party in violation of the First Amendment to the United States Constitution.

■■ Where, as here, a plaintiff does not hold a policymaking job, the First Amendment prevents a government employer from dismissing her for political

reasons. *See Vezzetti v. Pellegrini*, 22 F.3d 483, 486–87 (2d Cir.1994). To recover for political discrimination under the First Amendment, a plaintiff must show "(1) that he or she engaged in constitutionally protected conduct, and (2) that such conduct was a substantial or motivating factor leading to dismissal." *Id.* at 487 (citing *Mount Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

■ At the pleading stage, the plaintiff need not establish the elements of a First Amendment claim. Rather, the plaintiff must allege facts, which give fair notice of the claim and the grounds upon which it rests. Here, the complaint alleges that Camarrato, the Democratic Leader of the City of Long Beach, and Kohut, a Democratic Committeeman, denied the plaintiff's request for a seasonal leave from his lifeguard job in order to campaign for the November 2001 election for City Council; that such seasonal requests are routinely granted; and that the defendants terminated him in 2002 because of his affiliation with the Republican Party. These allegations give the defendants fair notice of the First Amendment claim and the grounds upon which it rests.

Relying on *Savage v. Gorski*, 850 F.2d 64 (2d Cir.1988), the defendants argue that the First Amendment claim is barred because the plaintiff did not comply with the procedures for seeking a seasonal leave or for retaining his lifeguard job. *Savage* involves county employees who alleged that the county executive discharged them due to their political affiliation in violation of the First Amendment. *Id.* at 65. There, the Second Circuit noted that the employees apparently did not comply with the procedures for seeking or retaining their jobs and this fact alone suggested their constitutional claim was foreclosed. *Id.* at 68. In the Court's view, *Savage* is not applicable to this factual situation.

First, *Savage* does not involve a Rule 12(b)(6) motion. Rather, it involves a motion for a preliminary injunction where the district court is required to make findings of fact. *Id.* at 65. The instant complaint must only give fair notice of the claim and the grounds upon which it rests. Second, the complaint here does not allege that the plaintiff did not comply with the procedures for seeking a seasonal leave or retaining his lifeguard job. Rather, it alleges that the plaintiff requested a seasonal leave in 2001 and advised the defendants in 2002 that he was prepared to return to work in the spring 2002. As such, the defendants' reliance on *Savage* is misplaced.

Relying again on *Savage*, the defendants next argue that the First Amendment claim is barred because the plaintiff did not offer proof that the defendants were aware of his political affiliation. At this stage of the litigation, the complaint must only give fair notice of the claim and the grounds upon which it rests. As pleaded, it is sufficient in this regard. The defendants next contend that the complaint does not allege why the plaintiff was entitled to time off from his lifeguard job to run for an election. This argument is not relevant to whether the complaint gives fair notice of the First Amendment claim and the grounds upon which it rests. Finally, the defendants argue that the rule of causation mandates dismissal of the First Amendment claim. The rule of causation permits an individual defendant to avoid liability when she proves a legitimate alternative motive for terminating the plaintiff. *See Coogan v. Smyers*, 134 F.3d 479, 485 (2d Cir.1998). The rule of causation is not relevant at this stage of the litigation. As stated above, at this juncture, the complaint must only give fair notice of the First Amendment claim and the grounds upon which it rests.

Accordingly, the motion to dismiss the Section 1983 claim is denied.

### 2. Claim Two—Due Process

■ The second claim is based on the alleged conditioning employment decisions on political associations and beliefs in violation of the due process clause of the United States Constitution. In the Court's view, the complaint fails to give fair notice of this claim and the grounds upon which it rests. It does not state whether this is a claim of substantive or procedural due process. It also fails to state what employment decisions were conditioned on political associations and beliefs, and what political associations and beliefs were considered in these employment decisions. *See DeJesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 70 (2d Cir.1996) ("A complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6).") (citing *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir.1995)). Accordingly, the motion to dismiss the due process claim is granted.

### 3. Claim Three—New York State Law

■ The third claim is for actions allegedly in violation of New York State Civil Rights Law § 40–C(2) and New York State Executive Law § 291. New York State Civil Rights Law § 40–C(2) provides:

No person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation or disability, as such term is defined in section two hundred ninety-two of the executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state.

N.Y. Civ. Rights Law § 40–C(2). New York State Civil Rights Law § 291 provides:

The opportunity to obtain employment without discrimination because of age, race, creed, color, national origin, sexual orientation, sex or marital status is hereby recognized as and declared to be a civil right.

N.Y. Exec. Law § 291(1). The complaint does not allege that the defendants discriminated against the plaintiff on the basis of age, race, creed, color, national origin, sexual orientation, sex, marital status or disability. Accordingly, the motion to dismiss the New York State law claims is granted.

### 4. Failure to Comply with the Grievance Procedures under the CBA

■ The defendants argue that the plaintiff must utilize the grievance procedures under the CBA and may not bring this action. In support of this argument, the defendants cite authority which provides that when an employee wishes to bring a contract grievance against an employer, she must use the contract grievance procedure in the collective bargaining agreement. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965) ("[I]ndividual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress."); *Bd. of Educ., Commack Union Free School Dist. v. Ambach*, 70 N.Y.2d 501, 508, 522 N.Y.S.2d 831, 517 N.E.2d 509 (N.Y.1987) (same); *Menkes v. City of New York*, 91 A.D.2d 654, 655, 457 N.Y.S.2d 99 (2d Dep't 1982) (same). For the reasons set forth below, the defendants' argument is misplaced.

First, the precedents cited by the defendants' involve contract grievances, not

claims of constitutional violations. *See Republic Steel*, 379 U.S. at 650–51, 85 S.Ct. 614, 13 L.Ed.2d 580 (alleging the employer breached the terms of its collective bargaining agreement concerning severance pay owed to an employee); *Ambach*, 70 N.Y.2d at 505, 522 N.Y.S.2d 831, 517 N.E.2d 509 (alleging the school district breached the terms of its collective bargaining agreement concerning the assignment of teachers); *Menkes*, 91 A.D.2d at 655, 457 N.Y.S.2d 99 (alleging a breach of contract in violation of the collective bargaining agreement).

Second, Congress intended that federal courts have the power to address Section 1983 claims. *See McDonald v. City of West Branch, Michigan*, 466 U.S. 284, 290, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) ("Because § 1983 creates a cause of action, there is, of course, no question that Congress intended it to be judicially enforceable. Indeed, ... '[t]he very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights-to protect the people from unconstitutional action under color of state law.'") *Id.* (quoting *Patsy v. Florida Bd. of Regents*, 457 U.S. 496, 503, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982)). Accordingly, the motion to dismiss all of the claims for failure to comply with the grievance procedures under the CBA is denied.

### 5. Municipal Liability under Section 1983

■ In holding the City of Long Beach liable for the acts of their employees under Section 1983, a plaintiff must show that she suffered a constitutional harm as a result of a municipal policy or custom. *See Monell v. Dep't of Social Sers. of City of New York*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The plaintiff can prove the existence of a municipal policy or custom with proof that (1) a municipal official with final policymaking authority directly committed or commanded the constitutional violation; (2) a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy; or (3) a municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees. *See Jeffes v. Barnes*, 208 F.3d 49, 61 (2d Cir.2000) and *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991). The complaint does not allege that the plaintiff suffered a constitutional harm due to a municipal policy or custom. Accordingly, the motion to dismiss the Section 1983 claim against the City of Long Beach is granted.

### 6. Qualified Immunity

■ A government employee is entitled to qualified immunity under Section 1983 where "1) [her] actions did not violate clearly established law, or 2) it was objectively reasonable for [her] to believe that [her] actions did not violate the law." *Warren v. Keane*, 196 F.3d 330, 332 (2d Cir.1999). " 'The question is not what a lawyer would learn or intuit from researching case law, but what a reasonable person in the defendant's position should know about the constitutionality of the conduct.'" *Anderson v. Recore*, 317 F.3d 194, 197 (2d Cir.2003) (quoting *McCullough v. Wyandanch Union Free Sch.*, 187 F.3d 272, 278 (2d Cir.1999)).

Kohut and Camarrato argue that they are entitled to qualified immunity on the ground that it was objectively reasonable for them to believe that their actions did not violate the law. They contend that Kohut denied the plaintiff a second consecutive seasonal leave and advised him that a medical leave was never requested nor was

any medical documentation provided to support the medical leave; that the plaintiff chose not to report to work in 2001; and that Kohut properly advised the plaintiff that he was not entitled to return under the CBA. The defendants' brief does not contain any specific reasons why it was objectively reasonable for Camarrato to believe that his actions did not violate the law.

Most of the facts relied on by the individual defendants are not found in the complaint and therefore may not be considered with regard to a Rule 12(b)(6) motion. *See Amaker v. Weiner*, 179 F.3d 48, 50 (2d Cir.1999) (noting that a court may not consider material outside the pleadings in deciding a Rule 12(b)(6) motion). A review of the complaint and its accompanying documents reveal that Kohut and Camarrato are not entitled to qualified immunity. No facts in those documents support the argument that it was objectively reasonable for them to believe their actions surrounding the plaintiff's denial of the seasonal leave and his termination based on his political affiliation did not violate the law. Accordingly, the motion to dismiss the Section 1983 claim against Kohut and Camarrato on the basis of qualified immunity is denied.

### 7. Leave to Amend

Rule 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Leave to amend should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir.2000). The Court grants the plaintiff leave to file an amended complaint in order to replead the dismissed claims. The plaintiff must file his amended complaint within thirty days of the date of this order.

### C. Sanctions and Attorney's Fees

" 'A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.' " *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir.2002) (quoting *W.K. Webster & Co. v. Am. President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir.1994)) (quoting *Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985)). A district court has wide discretion to impose sanctions under Rule 11. *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir.2002).

The defendants argue that the Court should sanction the plaintiff and award them attorney's fees because the action is "frivolous". The Court disagrees. There is no basis to sanction the plaintiff or to award attorney's fees to the defendants. First, the defendants have not complied with the procedural requirements of Rule 11 because they filed their motion for sanctions before serving the plaintiff and giving him an opportunity to withdraw his allegedly "frivolous" action. *See Tang*, 290 F.3d at 142 (stating that it is an abuse of discretion to award sanctions in contravention of an explicit procedural requirement of Rule 11). Second, the defendants provide no factual or legal basis to impose sanctions against the plaintiff. Accordingly, the motion for sanctions and attorney's fees is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that all the claims in the complaint are dismissed except the Section 1983 claim against Eugene Camarrato and Stephen J. Kohut; and it is further

**ORDERED**, that the plaintiff is granted leave to file an amended complaint to replead the dismissed claims and that the amended complaint must be filed within 30 days of the date of this order; and it is further

**ORDERED**, that the motion by the defendants for sanctions and attorney's fees is denied; and it is further

**ORDERED**, that the parties are directed to contact United States Magistrate Judge Michael L. Orenstein forthwith to schedule discovery.

**SO ORDERED.**